UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD POWER,<br><br>　　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>SHIPSTON EQUITY HOLDINGS, LLC,<br><br>　　　　　　　　　　　Defendant. | Civ No. _____<br><br>**COMPLAINT**<br><br>JURY TRIAL REQUESTED |

This action is brought by Plaintiff, Richard Power ("*Power*" or "*Plaintiff*"), by his attorneys, Sack & Sack, LLP, against Shipston Equity Holdings, LLC ("*Shipston*", the "*Company*" or "*Defendant*").

Plaintiff, as and for his Complaint, alleges as follows:

## NATURE OF ACTION

1. This action is based upon Defendant's breach of the express promises, terms and conditions set forth in a written agreement it entered into with Plaintiff as of August 31, 2016 following the cessation of Plaintiff's employment with Defendant (the "*Agreement*"). A copy of the Agreement is annexed as Exhibit "A."

2. Pursuant to the Agreement, Defendant agreed to pay Plaintiff (over a certain time period) the aggregate sum of at least $2,095,270 (comprised of both severance payments and monies in consideration for the repurchase of Plaintiff's equity in the Company).

3. Indeed, from September 1, 2016 through January 2017, Defendant made the contractually mandated payments totaling $540,681.

4. As of January 2017, Defendant ceased making contractual payments to Plaintiff without any lawful, proper or legitimate excuse or explanation, incurring a balance of at least

**$1,595,270.72** in unpaid contractual payments.

5. Although duly demanded both verbally and in writing, Defendant has failed and/or continues to refuse to pay to Plaintiff the remaining payments that are due and owing per the Agreement, which sums Defendant has kept for its own benefit and use.

6. By the filing of this Complaint, Plaintiff seeks adjudication and judgment on the merits of his lawful entitlement to those monetary sums due him, as set forth in detail herein.

7. In respect of Defendant's breach of contract, Plaintiff seeks damages in the amount of at least **$1,595, 270.72**.

## JURISDICTION AND PARTIES

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, as this action is between a plaintiff, a resident of Florida, and Defendant, a foreign company doing business in New York, where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over the Defendant by virtue of their activities within this State and this.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), Furthermore, the Agreement specifies:

> … Any legal action suit or proceeding arising out of or relating to this Agreement or the transactions provided for herein shall be brought solely in the state or federal courts sitting in New York, New York. The parties to this Agreement hereby irrevocably submit to the exclusive jurisdiction of such courts in respect of any legal action, suit or proceeding arising out of or relating to this Agreement. and hereby waive, and agree not to assert, as a defense in any such action. suit or proceeding. any claim that he or it is not subject personally to the jurisdiction of such courts, that the action. suit or proceeding is brought in an inconvenient forum that the venue of the action, suit or proceeding is improper or that this Agreement may not be enforced in or by such courts.

Exhibit A, § 8.

## PARTIES

11.     Plaintiff Power is a resident of Manalapan, Florida, County of Palm Beach.

12.     Defendant Shipston Equity Holdings, LLC is a limited liability company organized under the laws of the state of Delaware, which maintains its business headquarters at Hampton, New Hampshire.

## FACTS

The claims set forth herein arise from the following set of facts:

### PLAINTIFF'S SEPARATION FROM SHIPSTON

13.     Shipston was formed in October 2014.

14.     From its formation in October 2014 through July 2016, Plaintiff served as a Vice President and Shipston's Chief Financial Officer.

15.     In July 2016, Shipston communicated to Plaintiff that his employment was to be terminated without "cause."

16.     Thereafter, in or around September 2016, Plaintiff and Shipston entered into a Termination and Release Agreement (the "*Agreement*") that governed the terms and conditions concerning certain severance benefits to be paid to Plaintiff as a consequence of the termination of his employment, which termination according to the Agreement, was effective "as of August 31, 2016 …" (Exhibit A, § 1.)

17.     According to the Agreement, Shipston agreed to pay Plaintiff a Termination Fee of five hundred thousand dollars ($500,000) in twelve (12) equal monthly installments of $41,666.67 (Exhibit A, § 2(a).)

18.     The Agreement also confirmed that Shipston agreed to exercise its rights to purchase all of Plaintiff's 2,969.7 vested PPI units that were previously distributed to Plaintiff

3

pursuant to Shipston's 2015 Profits Participation Interests Plan (the "Vested Units"). (Agreement § 2(b).)

19. According to the Agreement, Shipston agreed to pay Plaintiff the Repurchase Price of the Vested Units in the amount of $1,595,270.72, payable in twenty-four (24) equal monthly installments of $66,469.61. (Exhibit A, § 2(b).)

20. The Agreement was executed by Steven Shulman, on behalf of Shipston, and Plaintiff on September 12th and 8th, respectively.

21. From September 1, 2016 through January 1, 2017, Shipston made the following timely payments to Plaintiff pursuant to the terms of the Agreement as follows:

| Date | Severance | Vested Units | Total |
| --- | --- | --- | --- |
| 9/1/2016 | $41,666.67 | $66,469.61 | $108,136.28 |
| 10/1/2016 | $41,666.67 | $66,469.61 | $108,136.28 |
| 11/1/2016 | $41,666.67 | $66,469.61 | $108,136.28 |
| 12/1/2016 | $41,666.67 | $66,469.61 | $108,136.28 |
| 1/1/2017 | $41,666.67 | $66,469.61 | $108,136.28 |
| Total Paid | $208,333.35 | $332,348.05 | $540,681.40 |

22. On or about February 1, 2017, in a bad faith attempt to avoid its contractual obligation to make timely payments to Plaintiff, Shipston breached the parties' Agreement by ceasing to pay any further payments to Plaintiff as it is required to do pursuant to the Agreement.

23. Accordingly, as of the date of this Complaint, Shipston has breached the Agreement by failing to pay to Plaintiff $291,666.65 in respect of the Termination Fee.

24. Furthermore, as of the date of this Complaint, Shipston has also breached the Agreement by failing to pay to Plaintiff **$1,262,922.67** in respect of the Repurchase Price of the Vested Units.

25. Plaintiff fully performed his duties and obligations under the Agreement.

26. There is no basis, whatsoever, for Shipston to withhold payment of any portion of either the Termination Fee or the Repurchase Price.

27. Plaintiff has made both written and verbal demands for all payments due him under the Agreement, but to no avail.

28. As a proximate cause of Shipston's breach of contract in failing to fully perform under the Agreement and pay Plaintiff the balance of the unpaid Termination Fee and Repurchase Price, Plaintiff has suffered damages in an amount of at least **$1,595, 270.72** (which is the sum of the balance of the Termination Fee ($291,666.65) and the balance of the Repurchase Price ($1,262,922.67) (together, the "*Accrued Obligations*")).

## CLAIMS AND DAMAGES

### COUNT ONE
### (Breach of Express Written Contract)

29. Plaintiff repeats, realleges, and incorporates by reference each and every allegation previously made herein as if the same were more fully set forth at length herein.

30. The Agreement is a binding and enforceable contract that was supported by valid consideration.

31. Plaintiff performed all of his obligations under that contract.

32. As of the date of this Complaint, Defendant remains in material breach of its express agreement to pay Plaintiff the contractually owed monies that comprise the Accrued Obligations.

33. Despite prompt demand to do so, Plaintiff was not paid the full Accrued Obligations as promised to Plaintiff by Defendant.

34. As a result of Defendant's conduct, Plaintiff has suffered damages as detailed herein in an amount to be proven at trial.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

I. On all Counts, awarding damages to Plaintiff in an amount to be determined at trial, but not less than **$1,595, 270.72**, plus interest and costs;

II. An award of prejudgment interest, costs, and attorney's fees; and

III. Such other and further relief that the Court may deem just and proper.

Dated: New York, New York
August 31, 2018

Respectfully submitted,

**SACK & SACK, LLP**

*Jonathan S. Sack*

By: Jonathan S. Sack, Esq.

70 East 55th Street, 10th Floor
New York, New York 10022
Tel.: (212) 702-9000
Fax: (212) 702-9702
*Attorneys for Plaintiff Richard Power*